Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
Attorney for Plaintiff
*and the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| BRIAN SCHLESINGER, individually on behalf of all others similarly situated ) ) ) ) Plaintiff, ) ) vs. ) ) JOSHUA COLLINS d/b/a ) XPRESSCAPITALGROUP.COM ) ) Defendant. ) ) ) ) _____ ) | Case Number: <u>4:19-cv-03483-DMR</u> Hon. Donna Ryu **<u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>** (Dkt. 8) Date: Not Yet Noticed <u>Courtroom 4, 3rd Floor</u> Complaint Filed: June 18, 2019 |

Pursuant to L-R 7-4, Plaintiff BRIAN SCHLESINGER ("Plaintiff") respectfully submits the following Memorandum of Points and Authorities in opposition to the Motion to Dismiss Plaintiff's Complaint filed by Defendant JOSHUA COLLINS (Dkt. 8).

### STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Court has personal jurisdiction over Defendant.
2. Whether this case should be dismissed or transferred for improper venue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Court has personal jurisdiction and is the proper venue for an illegal phone call made to Plaintiff in San Mateo County, California.

### II. FACTUAL BACKGROUND

Plaintiff encountered Defendant after he was robocalled with an artificial or prerecorded voice without consent as prohibited under federal and state law. Defendant sells fast access to business capital. (Complaint, ("Compl.") ¶¶ 14-15). Plaintiff was not in the market for business capital, fast or slow, but Plaintiff received a phone call from Defendant that used a prerecorded or artificial voice. (Compl., ¶¶ 19-25). Furthermore, Plaintiff had no relationship with Defendant and had never consented to receive calls, let alone calls employing artificial or prerecorded voices. (Compl., ¶¶ 19-25).

### III. LEGAL STANDARD

#### A. Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir.1984). The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280, 1285 (9th Cir. 1977). "When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995) (citations omitted). In this context, a prima facie showing is established if plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence

of personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

### B.  Motion to Dismiss or Transfer for Improper Venue

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. Once defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

### IV. <u>LEGAL ARGUMENT</u>

### A.  PLAINTIFF STATES A CLAIM UNDER THE TCPA

Plaintiff brings a claim on behalf of itself and a Class under 47 U.S.C. § 227(b)(1)(A)(iii) and (B) of the Telephone Consumer Protection Act of 1991 ("TCPA"), which prohibit making calls using an artificial or prerecorded voice to cellular and residential telephones. A plaintiff must show: "(1) defendant called a cellular or residential telephone number; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012). At the pleading stage of a TCPA case, a plaintiff need only allege facts supporting a plausible inference that the defendant is responsible for the illegal calls that the plaintiff allegedly

received. *Morris v. SolarCity Corp.*, Case No. 15-cv-05107-RS, 2016 U.S. Dist. LEXIS 46748, 2016 WL 1359378, *6 (N.D. Cal. Apr. 6, 2016) ("it is not [plaintiff's] burden at this juncture to come forward with allegations or evidence conclusively negating the possibility that [defendant] neither made the calls itself nor can be held indirectly liable.")

Plaintiff has successfully pled that (1) Defendant called Plaintiff on its cell phone (Compl., ¶ 19); (2) When Plaintiff answered, Plaintiff heard an artificial or prerecorded voice promoting the products and services of Defendant (Compl., ¶ 20); (3) Defendant never obtained Plaintiff's consent prior to calling. (Compl., ¶ 24).

## B.  THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

Specific jurisdiction requires that: "(1) the nonresident defendant purposefully direct his activities or consummate a transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum; (2) the claim be one that arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  Plaintiff bears the burden of satisfying the first two prongs of the test.  *Id.* at 802.

### i.    Defendant purposefully directed activity towards California

Under the effects test for purposeful availment, a defendant purposefully directs activity at a forum state when he "(1) commit[s] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 805.

Here, the test for purposeful direction was satisfied when (1) Defendant called Plaintiff who was (2) in California which resulted in the (3) statutory TCPA violation.  (Compl., ¶¶ 19-25).  *See, e.g., Ewing v. McCarthy*, Case No. 3:17-cv-1554, 2017 U.S. Dist. LEXIS 177203,

2017 WL 4810098, *6-7 (S.D. Cal. Oct. 25, 2017) ("Defendants' conduct satisfies the three elements of purposeful direction as described above: Defendants (1) intentionally called and texted a number with a California area code, (2) by doing so, expected to reach someone in California, and (3) assuming this conduct violated the TCPA, the injury caused by Defendants' conduct occurred in California.").

Defendant does not dispute it made a phone call to Plaintiff in California, but it argues that purposeful direction is not satisfied because the phone call to Plaintiff did not amount to advertising in California. (Dkt. 8., p. 14, ¶ 2). Defendant explains he merely purchased a lead for Plaintiff's phone number, so the call did not target California specifically, because it was "pure happenstance" that Plaintiff resides in California. *Id.* (citing *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F. 3d 1082, 1088 (9th Cir. 2000)). But Defendant's failure to understand what the effects of its own actions were does not mean that its behavior did not cause any effects in California. Further, the nature of robocalling belies Defendant's argument, because it is a high-volume business. Placing mass robocall campaigns to purchased lists without regard to the location of the victims is a reckless endeavor into all 50 states. Defendant should not confuse its reckless targeting of all 50 states with its notion that it does not target any state at all.

"The effects test is satisfied by a plaintiff's uncontroverted allegation that a defendant violated the TCPA by calling a phone number with a forum state area code." *Moser v. Health Ins. Innovations, Inc.*, Case No. 3:17-CV-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237, 2018 WL 325112, *11 (S.D. Cal. Jan. 5, 2018). Courts in this circuit routinely hold that purposeful direction is satisfied by a TCPA violation into the forum state. *See, e.g., Deeba Abedi v. New Age Med. Clinic PA*, Case No. 1:17-CV-1618, 2018 U.S. Dist. LEXIS 105932, 2018 WL 3155618, *8 (E.D. Cal. 2018) ("Because [plaintiff] was living in [California] at the

time [plaintiff] received the texts, [defendant] expressly aimed its conduct at California.");

*Drew v. Lexington Consumer Advocacy*, Case No. 16-cv-200-LB, 2016 U.S. Dist. LEXIS

188997, 2016 WL 9185292, *3 (N.D. Cal. Aug. 11, 2016) (nonresident defendant purposefully

directed its activities to California by sending six text messages to a California resident);

*Heidorn v. BDD Marketing & Mgmt. Co.,* Case No. 13-00229, 2013 U.S. Dist. LEXIS 177166,

2013 WL 6571629, *25 (N.D. Cal. Aug. 19, 2013) (TCPA violation into forum satisfied

specific jurisdiction"); *Luna v. Shac, LLC*, Case No. 13-00607, 2014 U.S. Dist. LEXIS 96847,

2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014); *Baker v. Caribbean Cruise Line, Inc.,*

Case No. CV 13-8246-PCT-PGR, 2014 U.S. Dist. LEXIS 28960, 2014 WL 880634 (D. Ariz.

Mar. 6, 2014); *Ott v. Mortg. Invs. Corp. of Ohio, Inc*., 65 F. Supp. 3d 1046, 1057 (D. Or.

2014); *Rinky Dink Inc. v. Elec. Merchant Sys. Inc*., Case No. C13-1347-JCC, 2014 U.S. Dist.

LEXIS 161497, 2014 WL 5880170, *3 (W.D. Wash. Sept. 30, 2014); *Ewing*, 2017 U.S. Dist.

LEXIS 177203, 2017 WL 4810098, *7 (otherwise it would be so unjust as to leave Plaintiff

with a claim only in the jurisdiction where Defendant resides).

Defendant's citation to *Bancroft* actually supports Plaintiff's position, because that

court reversed a district court's finding of lack of specific jurisdiction. 223 F. 3d at 1088.

### ii.       The dispute is directly related to Defendant's in-forum action

Second, the claim must be one which arises out of or relates to the defendant's forum-

related activities. *Mavrix Photo, Inc.,* 647 F.3d at 1228. Here, the phone call into the forum

promoting Defendant's product is the exact subject of this dispute. Thus, the dispute arises out

of Defendant's activity in the forum state. Indeed, Defendant does not even argue otherwise.

If Defendant had not purposefully availed themselves of the privilege of conducting business

in California by calling Plaintiff, then Plaintiff would not have any claims against Defendant.

*See Long v. Authentic Athletix LLC*, Case No. 16-cv-03129-JSC, 2016 U.S. Dist. LEXIS

142729, 2016 WL 6024591, *16-17 (N.D. Cal. Oct. 14, 2016) ("If Defendants had not done business with Plaintiff and purposefully availed themselves of the forum state, Plaintiff would have no claims against them because he would not have suffered an injury that resulted out of the alleged breach of contract."); *Moser*, 2018 U.S. Dist. LEXIS 3237, 2018 WL 325112, at *11 ("In such a case, the plaintiff's TCPA claim arises out of or relates to the defendant's forum-related activities[.]") (internal citations omitted).

### iii.    The exercise of jurisdiction is reasonable

"Once minimum contacts is shown, a rebuttable presumption arises that the exercise of jurisdiction is reasonable." *Sinatra v. National Enquirer, Inc*., 854 F.2d 1191, 1195 (9th Cir. 1988). Defendant bears a "heavy burden" of overcoming this presumption. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). To meet this "heavy burden" defendant must put on a "compelling case" that the presence of some other considerations would render jurisdiction unreasonable. *Bancroft*, 223 F.3d at 1088. To determine reasonableness, the court must consider (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on defendant of defending in the forum state, (3) the extent of the conflict with the sovereignty of defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient resolution of the controversy, (6) the importance of the forum to plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Id.*

### (1) The first factor favors Plaintiff

Defendant argues that this was "one isolated call" to California and normally he "does not purposefully direct sales towards California." (Dkt. 8, p. 16, ¶ 2). But as discussed above, Defendant's phone call was activity purposefully directed at California. Defendant's assertion that he does not purposefully direct sales towards California is belied by what happened in the instant matter. When purposeful direction is satisfied, then this factor favors exercising

jurisdiction.  *See CollegeSource, Inc. v. AcademyOne, Inc*., 653 F3d 1066, 1080 (9th Cir 2011) ("Actions directed at a forum resident expected to cause harm in the forum constitute purposeful injection.").  Accordingly, this factor favors Plaintiff. *See Ott*., 65 F. Supp. 3d at 1058 (actions expected to cause harm to the resident in the forum state were purposeful injection); *Rinky*, 2014 U.S. Dist. LEXIS 161497, 2014 WL 5880170, at *10 (telemarketing known to reach California residents was purposeful injection).

### (2) The second factor is neutral

Defendant argues that because he resides in Florida, he will be burdened by defending this case in California. (Dkt. 8, p. 16, ¶ 3.)  But this argument is conclusory.  Given the current "advances in transportation and telecommunications and the increasing interstate practice of law, any burden of litigation in a forum other than one's residence is substantially less than in days past." *Collegesource*, 653 F3d at 1080 (internal citations omitted).  Further, the burden of Defendant in litigating in California would be no greater than would be the burden on Plaintiff in litigating in Florida.  *See j2Global Communications, Inc., v. Blue Jay, Inc*., Case No. 08-4254, 2009 U.S. Dist. LEXIS 1616, 2009 WL 29905, *29 (N.D. Cal. Jan. 5, 2009).  Such a burden, while potentially inconvenient, does not rise to the level of depriving Defendant of due process. *See Rinky*, 2014 U.S. Dist. LEXIS 161497, 2014 WL 5880170, at *10.  Accordingly, this factor is neutral.  *See Ott*., 65 F. Supp. 3d at 1058.

### (3) The third factor is neutral

The third factor is neutral because there is no conflict of federal law between California and Florida.  *See, e.g*., *j2Global Communications*, 2009 U.S. Dist. LEXIS 1616, 2009 WL 29905, at *29; *Ott*., 65 F. Supp. 3d at 1058.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### (4) The fourth factor favors Plaintiff

The Ninth Circuit assumes that a forum state "maintains a strong interest in providing an effective means of redress for its residents tortiously injured." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (internal citations omitted). Thus, the fourth factor favors Plaintiff because California has such a strong interest in providing a forum for redress for its residents. *See id*.

### (5) The fifth factor is neutral

This factor focuses on "where the witnesses and evidence are likely to be located." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995). However, it "is no longer weighed heavily given the modern advances in communication and transportation." *Panavision In'l*, 141 F.3d at 1323. Defendant argues that this factor favors him because Collins is not a California resident, and his employees and the "relevant evidence" are located in Florida. (Dkt. 8, p. 17, ¶ 2). But this argument is conclusory as Defendant does not say what his evidence is and why it will be so hard to produce in discovery or otherwise litigate in California. Plaintiff and his evidence are located in California, so there is no clear preference for Florida. *See Panavision*, 141 F.3d at 1323-1324 (finding this factor neutral).

### (6) The sixth factor favors Plaintiff

Plaintiff has a significant interest in having this resolved in California, so this factor favors Plaintiff. *See j2Global Communications*, 2009 U.S. Dist. LEXIS 1616, 2009 WL 29905, at *29. If it could not litigate in California, Plaintiff would be forced to incur additional expense of retaining local counsel in Florida, which would likely make this case cost prohibitive to Plaintiff. *Rinky*, 2014 U.S. Dist. LEXIS 161497, 2014 WL 5880170, at *10.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### (7) The seventh factor is neutral

The Middle District of Florida is an alternative forum, though not particularly preferable to California, and Plaintiff does not have local counsel in Florida.  Further, the rules do not allow Plaintiff's counsel to litigate in Florida without the additional cost of local counsel, whereas Defendant's Florida counsel <u>would</u> likely be admitted to this forum on a Pro Hac Vice basis.  However, the existence of an alternative forum only becomes an issue "when the forum state is shown to be unreasonable." *CollegeSource*, 653 F3d at 1080 (internal quotation marks and citations omitted). Defendant has not established that California is an unreasonable forum. Thus, this factor does not favor either side.

### (8) The balance weighs in favor of exercising jurisdiction

In balancing the factors, courts in the Ninth Circuit "emphasize the heavy burden on both domestic and foreign defendants in proving a *compelling case* of unreasonableness to defeat jurisdiction." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1117 (9th Cir. 2002) (citation omitted, emphasis added). Here, most of the factors are neutral or in Plaintiff's favor. Consequently, Defendant has not carried its "heavy burden" of proving the unreasonableness of the Court's jurisdiction.  *See Moser*, 2018 U.S. Dist. LEXIS 3237, 2018 WL 325112, at *11 (court fairly exercised personal jurisdiction over nonresident defendant for its TCPA violation into the forum state).

### C.  THIS COURT IS NOT AN IMPROPER VENUE

A plaintiff's choice of venue is generally given substantial weight and a defendant normally "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986); *see also Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)

("[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed.").

Defendant next argues that this case should be dismissed or transferred to the Middle District of Florida because "virtually all the actions" in this matter took place there and the "vast majority" of witnesses are located there.  (Dkt. 8, p. 19, ¶ 3 – p. 20, ¶ 1).  However, the complaint alleges that venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the violation occurred here, where the call was received, and where Plaintiff resides.  (Compl. ¶ 13.)

Besides, it would be premature to reject Plaintiff's choice of venue before any discovery has taken place that could prove Defendant's assertions of a more convenient venue.  *See Luna*, 2014 U.S. Dist. LEXIS 96847, 2014 WL 3421514, at *3 (denying transfer of venue); *Sapan v. Dynamic Network Factory, Inc*., Case No. 13-cv-1966-MMA (WVG), 2013 U.S. Dist. LEXIS 192266, 2013 WL 12094829, *10 (S.D. Cal. Nov. 25, 2013) (venue where calls were received was proper).

Defendant's citations do not demonstrate otherwise. (Dkt. 8, p. 18, ¶ 4 – p. 19, ¶ 2) (citing *Murphy*, 362 F.3d at 1139-40) (forum section clause valid to select forum); *Piedmont Label Co.*, 598 F.2d at 496 (co-conspirator's acts in the forum could not be attributed to defendant to establish venue).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss (Dkt. 8.)

Dated: September 5, 2019

Respectfully submitted,

MARK L. JAVITCH


By:  /s/ Mark L. Javitch         .

Mark L. Javitch (SBN 323729)
480 S. Ellsworth Ave.
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705

*Attorney for Plaintiff*
BRIAN SCHLESINGER
And the Putative Class

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

Filed electronically on this 5th day of September 2019, with the United States District Court for the Northern District of California CM/ECF system.

Notification was therefore automatically sent through the CM/ECF system to:

United States District Court
Northern District of California

Joshua Collins
Xpresscapitalgroup.com
13801 N Florida Ave
Suite C
Tampa, FL 33613
(877) 927-4448
Email: apply@xpresscapitalgroup.com
PRO SE

I also mailed a copy of this Opposition to Defendant Collins via First Class Mail Tracking Number 92001902416755000052736413.

Respectfully submitted,

MARK L. JAVITCH

By:  /s/ Mark L. Javitch          .