UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SCHLESINGER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA COLLINS,<br><br>Defendant. | Case No. 19-cv-03483-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; AND GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>Docket No. 8 |

Plaintiff Brian Schlesinger has filed suit against Defendant Joshua Collins, doing business as xpresscapitalgroup.com,[1] asserting a violation of the federal Telephone Consumer Protection Act ("TCPA"), *see* 47 U.S.C. § 227(b)(1)(A)(iii), and similar California law. *See* Cal. Civ. Code § 1770(a)(22)(A). According to Mr. Schlesinger, Mr. Collins violated these statutes because he, or another person acting on his behalf, called Mr. Schlesinger using an artificial or prerecorded voice without Mr. Schlesinger's prior express consent. Mr. Schlesinger seeks relief not only for himself but also for a nationwide class (for the TCPA claim) and a California class (for the California claim). Currently pending before the Court is Mr. Collins's motion to dismiss or, in the alternative, transfer. Having considered the papers submitted, the Court deems the matter suitable for disposition without oral argument. The motion to dismiss is **DENIED** but the motion to transfer – specifically, to the Middle District of Florida where Mr. Collins resides, *see* Compl. ¶ 10; Collins Decl. ¶ 1 – is **GRANTED**.

---

[1] According to Mr. Collins, "Xpress Capital Group is a business offering business loans to companies seeking such loans." Collins Decl. ¶ 3. Mr. Schlesinger does not dispute such. *See* Compl. ¶ 2 (alleging that Mr. Collins "sells business capital loans").

## I. DISCUSSION

A. Personal Jurisdiction

　　1. Legal Standard

According to Mr. Collins, the instant case against him must be dismissed for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2) (providing that a defendant may file a motion to dismiss based on lack of personal jurisdiction).

> Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

The plaintiff bears the burden of establishing personal jurisdiction. *See id.* at 800. Where a "motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id.* "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true"; in addition, "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

　　2. Specific Jurisdiction

In support of his claim that there is no personal jurisdiction, Mr. Collins has submitted a declaration. The bulk of that declaration is directed to his assertion that this Court lacks general jurisdiction over him. *See id.* at 801 (stating that, "[f]or general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state" – "an exacting standard . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world"); Collins Decl. ¶¶ 2-13.

In response, Mr. Schlesinger does not make any claim that this Court has general

jurisdiction over Mr. Collins. Rather, Mr. Schlesinger argues only that there is specific jurisdiction.

The Ninth Circuit has

> a three-prong test for analyzing a claim of specific personal jurisdiction:
>
> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802. With respect to the first prong, "[a] purposeful availment analysis is most often used in suits sounding in contract" while "[a] purposeful direction analysis . . . is most often used in suits sounding in tort." *Id.* In the case at bar, Mr. Schlesinger is making essentially a tort claim, not a contract claim. Therefore, the Court applies a purposeful direction analysis.

Purposeful direction is evaluated "under the three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984)." *Id.* at 803. Under this test, a defendant must have "'(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.*

Here, Mr. Collins challenges only the second and third elements above – in particular, disputing that he, or someone acting on his behalf, engaged in conduct expressly aimed at California.[2] In his declaration, Mr. Collins testifies that his website xpresscapitalgroup.com "does not expressly or directly market to California residents." Collins Decl. ¶ 14. He also testifies that he obtained Mr. Schlesinger's number by "purchas[ing] a lead from a third-party company out of Bangladesh that maintains leads for persons seeking business loans throughout the United States. The lead reflected a person identifying themselves as 'John Smith' was seeking a business loan for

---

[2] Mr. Collins does not make any argument that the conduct of an agent acting on his behalf cannot be imputed to him for purposes of personal jurisdiction.

3

a Herbalife company and the phone number listed was (415) 850-6760." Collins Decl. ¶ 15. "Based on this lead," Mr. Collins – "through a third-party customer relationship management company [–] had a third-party independent contractor located in Bangladesh make live calls to the leads." Collins Decl. ¶ 16. It was not until the lead was confirmed that Mr. Collins, or rather, his employee, called Mr. Schlesinger. *See* Collins Decl. ¶ 18.

The problem for Mr. Collins is that, even if he did not act in a "premeditated" fashion – *i.e.*, plan in advance to target California – he (or someone acting on his behalf) ultimately did target California, *and* with sufficient knowledge of such based on the California area code for Mr. Schlesinger's phone number. Under these circumstances, the second and third elements of the *Calder* effects test have been sufficiently satisfied. *See, e.g.*, *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-cv-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237, at *11 (S.D. Cal. Jan. 5, 2018) (stating that "[t]he effects test is satisfied by a plaintiff's uncontroverted allegation that a defendant violated the TCPA by calling a phone number with a forum state area code"); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847, at *11 (N.D. Cal. July 14, 2014) ("agree[ing] with [plaintiff] that where [defendant] intentionally sent text messages directly to cell phones with California based area codes, which conduct allegedly violated the TCPA and gave rise to this action, [defendant] expressly aimed its conduct at California" and also "knew that the alleged harm caused by the text messages it sent to California cell phones was likely to be suffered in California"); *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR) (MDG), 2013 U.S. Dist. LEXIS 124933, *28 (E.D.N.Y. Aug. 30, 2013) (holding that, "since '[t]he TCPA is essentially a strict liability statute, which prohibits the use of any automatic dialing system or prerecorded or artificial voice to a cell-phone, defendants reasonably should have anticipated that the use of such a system to call a New York cell-phone number could subject them to being haled into court in New York"); *Heidorn v. BDD Marketing & Mgmt. Co.*, No. C-13-00229 JCS, 2013 U.S. Dist. LEXIS 177166, at *3, *25 (N.D. Cal. Aug. 9, 2013) (finding personal jurisdiction in TCPA case where calls were made to a California resident at a California number). *Compare Abedi v. New Age Med. Clinic PA*, No. 1:17-CV-1618 AWI SKO, 2018 U.S. Dist. LEXIS 105932, at *11 (E.D. Cal. June 25, 2018) (finding no specific jurisdiction where "the evidence before the Court

4

indicates that [defendant] did not know that it was sending text messages into California"; "[o]f critical importance, the cell phone number provided to [defendant] was for a non-California number"). This is not a situation where the forum state was implicated only by "happenstance." *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1146 (9th Cir. 2017). Notably, in *Morrill*, the Ninth Circuit discussed the underlying facts in *Calder*, explaining that, in that case, there was specific jurisdiction largely because "the defendants published the allegedly defamatory statements in the forum state." *Castillo v. Caesars Entm't Corp.*, No. 18-cv-05781-EMC, 2018 U.S. Dist. LEXIS 201721, at *10-11 (N.D. Cal. Nov. 28, 2018) (addressing *Morrill*'s discussion of *Calder*). The instant case is analogous; there is specific jurisdiction because Mr. Collins, or someone acting on his behalf, made a phone call to California. The TCPA cases finding jurisdiction are consistent with *Walden v. Fiore*, 571 U.S. 277 (2014), because the defendant, as in this case, targeted California telephone numbers (and presumably residents of California), inflicting harm within this state.

Mr. Collins protests still that, even if there is purposeful direction, specific jurisdiction obtains only where the exercise of such would be reasonable, and here it would be unreasonable – *e.g.*, his contacts with California were simply "fortuitous," it would be a significant burden for him (as a sole proprietor) to defend in this Court, California has an interest in the state law claim but not the federal TCPA claim, and it would be more efficient to litigate in Florida where the bulk of the witnesses and evidence are likely to be located. Mot. at 16-18. Although Mr. Collins's position is not entirely lacking in merit, the Court is not persuaded. Mr. Collins shoulders the burden of proving that the exercise of jurisdiction would be unreasonable, and, under Ninth Circuit law, must "'present a compelling case'" of unreasonableness. *Schwarzenegger*, 374 F.3d at 802. Here, given Mr. Collins knew he was making a call into California, Mr. Collins has not met that high standard.

Accordingly, the Court denies the motion to dismiss based on lack of personal jurisdiction.

B. <u>Venue</u>

Mr. Collins also moves to dismiss based on improper venue. Title 28 U.S.C. § 1391 is the applicable venue statute. It provides as follows:

5

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

13 U.S.C. § 1391(b).

In the instant case, Mr. Collins argues that "virtually all the actions taken in this matter occurred in Florida," where he resides. Mot. at 19. But even accepting that as true, that does not mean that a substantial part of the events did not also take place in California where the phone call was directed and where the harm was inflicted. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (noting that "it is possible for venue to be proper in more than one judicial district"); *S.F. Residence Club, Inc. v. Leader Bulso & Nolan, PLC*, No. C-13-0844 EMC, 2013 U.S. Dist. LEXIS 68600, at *12 (N.D. Cal. May 14, 2013) (noting that "[s]ection 1391(b)(2) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate"; also, "[t]here may be more than one district in which a substantial part of the events giving rise to the claim occurred") (internal quotation marks omitted); *Kelly v. Qualitest Pharm., Inc.*, No. CIV- F-06-116 AWI LJO, 2006 U.S. Dist. LEXIS 65814, at *24-25 (E.D. Cal. Aug. 28, 2006) (indicating that, under subsection (2), all that is required is that "'significant events or omissions material to the plaintiff's claim must have occurred in the district in question'"). The Court therefore denies the motion to dismiss based on improper venue.

C. <u>Transfer</u>

Finally, Mr. Collins argues that, even if the Court does not dismiss the instant case based on lack of personal jurisdiction or improper venue, it should, at the very least, transfer the case to the Middle District of Florida pursuant to 28 U.S.C. § 1404. Section 1404 provides in relevant

part as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

There is no dispute that Mr. Schlesinger could have brought his lawsuit in the Middle District of Florida, where Mr. Collins resides. Therefore, the only question is whether there should be a transfer to Florida for the convenience of the parties and witnesses and in the interest of justice.

A district court has discretion in deciding whether to transfer. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (stating that a "district court's decision to change venue is reviewed for abuse of discretion"; adding that "'[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge'"). In making the decision on whether to transfer, a court may consider factors such as:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho-Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (Illston, J.). The party moving for transfer has the burden in showing that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *S.F. Residence Club, Inc. v. Leader Bulso & Nolan, PLC*, No. C-13-0844 EMC, 2013 U.S. Dist. LEXIS 68600, at *22 (N.D. Cal. May 14, 2013).

In the instant case, some of the above factors are neutral or largely neutral. For example:

- although California is a more convenient forum for Mr. Schlesinger, Florida is a more convenient forum for Mr. Collins;
- California has an interest in protecting its residents (such as Mr. Schlesinger), particularly where California law is implicated (but less so where only federal law is implicated), but Florida also has an interest in regulating the conduct of its residents (such as Mr. Collins); and

7

- the courts in both California and Florida are familiar with the TCPA.[3]

As for the remaining factors, the critical ones in the instant case are the plaintiff's choice of forum, the ease of access to evidence, and the convenience of the witnesses. The Court does afford some deference to Mr. Schlesinger's choice of California as a forum, particularly as he resides in California and at least a part of the events took place in California given that the phone call at issue was placed to California. But that deference is limited because Mr. Schlesinger has brought a putative class action that is nationwide in scope. *See generally Castillo v. Caesars Entm't Corp.*, No. 18-cv-05781-EMC, 2018 U.S. Dist. LEXIS 201721, at *15 (N.D. Cal. Nov. 28, 2018) (noting that, "although a plaintiff's choice of forum is typically afforded deference, such deference is not owed where the plaintiff brings a class action, the plaintiff does not reside in the forum, and/or no relevant action took place in the forum").

With respect to ease of access to evidence, it seems unlikely that there will be any real documentary evidence of note located in California. Rather, the bulk of the documentary evidence will likely be in Florida, where Mr. Collins resides.[4] "Athough the ease of electronic discovery reduces the importance of this factor, 'costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored.'" *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-cv-04384-JST, 2019 U.S. Dist. LEXIS 34240, at *18-19 (N.D. Cal. Mar. 4, 2019).

As for the convenience of the witnesses, Mr. Schlesinger does reside in California. But Mr. Collins resides in Florida, he runs his business out of Florida, *see* Collins Decl. ¶ 2 (testifying that the principal place of business for Xpress Capital Group is located in Florida), and the critical issue in this case will be how he runs his business. Mr. Collins also appears to have at least one employee, Michelle Borrego, who is based in Florida, *see* Collins Decl. ¶ 3 (testifying that Xpress Capital Group "has no employees outside of Florida"), and it appears that Ms. Borrego was the

---

[3] Although Mr. Schlesinger has also asserted an analogous California claim, the TCPA claim is the primary claim in the lawsuit given Mr. Schlesinger's desire for certification of a nationwide class.

[4] The Court acknowledges that there may be some documentary evidence in a location outside of both California and Florida, given Mr. Collins's use of third parties to conduct his business.

employee who called Mr. Schlesinger.  *See* Collins Decl. ¶ 18.  Thus, the convenience-of-the-witnesses factor weighs strongly in Mr. Collins's favor.  *See, e.g.*, *Castillo*, 2018 U.S. Dist. LEXIS 201721, at *16 ("The critical witnesses will be Caesars's employees — e.g., those who made the decision to send the text messages.").

Taking into account all of the above, including but not limited to the limited deference afforded to Mr. Schlesinger's choice of forum, the Court concludes that a transfer to the Middle District of Florida is warranted.

## II. <u>CONCLUSION</u>

For the foregoing reasons, Mr. Collins's motion to dismiss is denied but his motion to transfer is granted.  The Clerk of the Court is instructed to transfer this case to the Middle District of Florida in accordance with this opinion and close the file.

This order disposes of Docket No. 8.

**IT IS SO ORDERED**.

Dated: September 25, 2019

_____
EDWARD M. CHEN
United States District Judge